**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CROWN FINANCIAL, LLC** | * | |
| **Plaintiffs,** | * | **CASE NO.: 17-211** |
| | * | |
| **v.** | * | |
| | * | **SECTION:** |
| **WILDCAT DRILLING, LLC and** | * | |
| **WARHORSE OIL & GAS, LLC,** | * | |
| **Defendant** | * | |

*** * * * * * * * * * * * * * * * * * * * * * * * * * * * ***

**COMPLAINT**

Plaintiff, Crown Financial, LLC ("Crown"), respectfully represents:

**PARTIES**

1.

Plaintiff, Crown is a limited liability company organized and existing under the laws of the State of Texas.

2.

Defendant Wildcat Drilling, LLC ("Wildcat") is a limited liability company organized and existing under laws of the State of Louisiana with its principal place of business located at 5636 Island Road, Jarreau, LA 70749.

3.

Defendant Warhorse Oil & Gas, LLC ("Warhorse") is a limited liability company organized and existing under laws of the State of Louisiana with its principal place of business located at 5636 Island Road, Jarreau, LA 70749.

**JURISDICTION AND VENUE**

4.

This Court has jurisdiction over this action under 28 U.S.C. § 1332 because plaintiff is a citizen of the State of Texas, defendants are citizens of the State of Louisiana, and the amount in controversy exceeds $75,000.00.

5.

Jurisdiction is proper under 28 U.S.C. § 1391(b)(1) because both defendants reside in this District.

**GENERAL ALLEGATIONS**

6.

Steven Kent II and Jana S. Kent are both the Managers of both Wildcat Drilling and Warhorse.

7.

On September 30, 2016 Wildcat ordered goods or services from Texas Black Iron, Inc. ("Texas Black Iron"), a corporation organized and existing under laws of the State of Texas.

8.

Between September 30, 2016 and October 3, 2016, Texas Black Iron sold and delivered goods to, or performed services for, Wildcat Drilling pursuant to the order placed by Wildcat Drilling.

9.

For the goods sold and delivered to, or the services performed for, Wildcat Drilling, Texas Black Iron issued to Wildcat Drilling invoice no. 16-0930-308 ("Invoice") dated October 3, 2016 in the amount of $91,955.92.

10.

Under the terms of the Invoice, the payment was due sixty (60) days from the date of the Invoice, or December 2, 2016.

11.

Wildcat Drilling has not made any payment on the Invoice, and the full amount of the Invoice is presently due and owing.

12.

Wildcat Drilling placed other orders with Texas Black Iron for goods and services, and Texas Black Iron issued other invoices on Wildcat Drilling's account for such goods and services.

13.

On or about March 11, 2011, Crown entered into an Account Purchase Agreement with Texas Black Iron.

14.

Pursuant to the terms of the Access Purchase Agreement, Crown purchased certain accounts receivables evidenced by certain invoices issued by Texas Black Iron.

15.

By letter dated October 5, 2016 (Exhibit 1), Texas Black Iron informed Warhorse Crown was considering the purchase of the Invoice.

16.

Texas Black Iron further informed Warhorse to make its decision, Crown required Warhorse's agreement that the Invoice "is now due and undisputed, and that Warhorse shall pay the amount billed in the Invoice without asserting any offsets, credits or other defenses."

17.

Warhorse signed the October 5, 2016 letter, indicating and evidencing its agreement that "the amount of the Invoice is now due and undisputed, and that Warhorse shall pay the amount billed in the Invoice without asserting any offsets, credits or other defenses."

18.

In reliance on Warhorse's agreement that "the amount of the Invoice is now due and undisputed and that Warhorse shall pay the amount billed in the Invoice without asserting any offsets, credits or other defenses," Crown purchased the account receivable evidenced by Texas Black Iron's Invoice.

19.

As the assignee, purchaser, and owner of the account receivable represented by Texas Black Iron's Invoice, Crown is entitled to payment of the Invoice in full from Wildcat Drilling.

20.

As Wildcat Drilling's surety on Wildcat Drilling's obligation to pay the Invoice, Warhorse is liable to Crown for the full amount of the Invoice "without asserting any offsets, credits or other defenses," plus interest.

21.

Despite its promise to pay the Invoice, Warhorse has failed and refused to pay Texas Black Iron's Invoice.

22.

In accordance with La. Rev. Stat. § 9:2781, Crown made written demand on Warhorse by sending a letter by U.S. Mail, Certified, Return Receipt Requested on February 6, 2017

demanding payment of the amount due Crown on the open account, which letter correctly set forth the amount owed. A copy of this letter is attached as Exhibit 2.

23.

A copy of the United States Post Office Tracking Results evidencing receipt of Crown's demand letter on February 13, 2017 is attached hereto as Exhibit 3.

24.

More than thirty (30) days have elapsed since defendant received written demand, and defendant continues to fail and refuse to make any payment on the unpaid balance due Crown on defendant's open account; therefore, pursuant to La. Rev. Stat. § 9:2781, Crown is entitled to reasonable attorney fees for the prosecution and collection of this claim.

25.

In the alternative, in the event this written demand is deemed insufficient under La. Rev. Stat. § 9:2781, and if more than thirty (30) days elapses from service of the Summons and this Complaint on defendants without defendants making any payment on the unpaid balance due Crown on this open account, pursuant to La. Rev. Stat. § 9:2781, Crown is entitled to reasonable attorney fees for the prosecution and collection of this claim.

**WHEREFORE,** petitioner, Crown Financial, LLC, prays after due proceedings are had, judgment be rendered in its favor and against defendants, Wildcat Drilling, LLC and Warhorse Oil & Gas, LLC, *in solido* in the amount of $91,955.92; plus interest thereon at the highest legal rate from the date the payment was due, December 2, 2106, until paid in full; reasonable attorney

fees and expenses; all costs of these proceedings; and all other legal, equitable, and general relief to which Crown Financial, LLC may be justly entitled.

Respectfully submitted,

s/Pierre V. Miller II

Pierre V. Miller II (17712)
Patrick H. Patrick (14297)
Patrick Miller LLC
400 Poydras Street, Ste. 1680
New Orleans, Louisiana 70130
Telephone: (504) 527-5400
Facsimile: (504) 527-5456
E-mail: pmiller@patrickmillerlaw.com
*Attorneys for Crown Financial, LLC*

**Please serve:**

**WARHORSE OIL & GAS, LLC,**
through its agent for service of process,
Jana S. Kent
5636 Island Road
Jarreau, LA 70749

**WILDCAT DRILLING, LLC,**
through its agent for service of process,
Cole Griffin
700 Saint John Street
Lafayette, LA 70501