**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| CROWN FINANCIAL, LLC | CIVIL ACTION |
| VERSUS | |
| WILDCAT DRILLING, LLC, ET AL. | NO. 17-211-SDD-RLB |

## RULING AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*.

On April 4, 2017, Crown Financial LLC ("Plaintiff") commenced this action against Wildcat Drilling, LLC and Warhorse Oil & Gas, LLC, alleging that the Court has diversity jurisdiction over the action under 28 U.S.C. § 1332.[1] Plaintiff asserted that it is a citizen of Louisiana, and the defendants are citizens of Texas, without identifying the members of each of those limited liability companies.

On April 25, 2017, the Court issued a *sua sponte* order pursuant to 28 U.S.C. § 1653, requiring Plaintiff to file, on or before May 10, 2017, an amended complaint identifying all of the parties' members for the purpose of establishing that there is in fact complete diversity between the parties.[2] On May 5, 2017, the Clerk of Court entered a default as to the two defendants.[3] On May 31, 2017, Plaintiff moved for default judgment.[4]

On September 27, 2017, the Court ordered Plaintiff to comply with the April 25, 2017 order by filing an amended complaint on or before October 6, 2017.[5] On October

---

[1] Rec. Doc. No. 1.
[2] Rec. Doc. No. 10.
[3] Rec. Doc. No. 12.
[4] Rec. Doc. No. 14.
[5] Rec. Doc. No. 15.

Document Number: 42647

6, 2017, Plaintiff sought a 20-day extension of the deadline to file the amended complaint.[6] The Court granted the motion, effectively establishing a new deadline of October 26, 2017 to file the required amended complaint.[7] Plaintiff did not file an amended complaint by the deadline.

When jurisdiction depends on citizenship, the citizenship of each party must be "distinctly and affirmatively" alleged in accordance with § 1332(a) and (c).[8] "Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."[9]

"The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."[10] The citizenship of a limited liability company is determined by the citizenship of each of its members, not the state under whose laws it is organized, the location of its principal place of business, or its authorization to do business in a certain state.[11] When members are themselves limited liability companies, the citizenship must be traced through however many layers of members there may be.[12]

Despite the Court's orders, Plaintiff has not filed an amended complaint providing the citizenship of each member of the parties, each of which is a limited liability company. Accordingly, Plaintiff has not established that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

---

[6] Rec. Doc. No. 16.
[7] Rec. Doc. No. 17.
[8] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)).
[9] *Stafford*, 945 F.2d at 805 (citing *Patterson v. Patterson,* 808 F.2d 357, 357 (5th Cir. 1986); *McGovern*, 511 F.2d at 654)).
[10] *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).
[11] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[12] *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007).

Document Number: 42647

Based on the foregoing,

Plaintiff's Complaint is **DISMISSED without prejudice** for failure to establish subject matter jurisdiction.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 6th day of November, 2017.

*Shelly D. Dick*
_____
**SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**